* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and named employer.
3. The employer was self-insured at the time in question with Gallagher Bassett as the servicing agent.
4. The employee's average weekly wage is $228.90.
 * * * * * * * * * * *
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of hearing, before the Deputy Commissioner plaintiff was a thirty-year-old female who worked as a substitute break worker and forklift operator for defendant. Plaintiff worked for defendant from approximately June of 2003 until the end of September of 2003. Plaintiff was laidoff at the end of September of 2003.
2. On January 29, 2004, defendant-employer recalled plaintiff as a brite line worker. As a brite line worker, Plaintiff and a co-worker packed jars in boxes. The jars ranged in size from sixteen ounces to one gallon. Plaintiff used both hands and carried two jars in each hand if they were small, or one jar in each hand if they were large.
3. Plaintiff alleged that her hand pain began on or about February 10, 2004. Plaintiff had no problems with her hands until early February of 2004. From January 29 through February 9, 2004, she worked in the brite line position. Plaintiff did not have to use any vibratory machinery such as drills or saws and she worked eight days over a twelve day period. Plaintiff also admitted that there was some down time on the brite line. Plaintiff only worked fifty-seven point one (57.1) hours over eight days.
4. On February 23, 2004, plaintiff went to Clinton Urgent Care for treatment of her hand pain. On February 24, 2004, Plaintiff went to Goshen Medical Center for treatment of her hand pain. On March 12, 2004, plaintiff returned to Goshen Medical Center with complaints of left hand pain.
5. Subsequently, plaintiff obtained medical treatment with Dr. de Araujo. Dr. de Araujo examined and evaluated plaintiff on March 17, 2004 and April 7, 2004. Dr. de Araujo's working diagnosis was bilateral carpal tunnel syndrome. On April 7, 2004, Dr. de Araujo noted that plaintiff's symptoms far exceeded what he would normally see in carpal tunnel cases. Plaintiff showed no physical evidence of tenosynovitis or locking of the digits. Accordingly, Dr. de Araujo ordered an FCE to see if plaintiff exhibited any malingering behavior.
6. In his deposition, Dr. de Araujo stated that it is unlikely that plaintiff's performance of her job over fifty-seven point one (57.1) hours for eight days over a twelve day period caused her carpal tunnel syndrome. Dr. de Araujo stated that even if plaintiff only lifted gallon jars, he would not change his opinion. Dr. de Araujo also stated that it is unlikely that the jar-lifting portion of plaintiff's job placed her at an increased risk, compared to the general public, of contracting carpal tunnel syndrome.
7. The undersigned finds that Dr. de Araujo reached the proper medical conclusion that plaintiff's brite line job did not cause her alleged carpal tunnel syndrome based on his training, expertise, years of experience, and his knowledge of plaintiff's job and physical condition. Accordingly, the undersigned assign greater weight to Dr. de Araujo's opinions.
8. In his deposition, Dr. Harris could not causally relate plaintiff's alleged carpal tunnel syndrome to her job.
9. Family Nurse Practitioner Ivey, who testified during deposition about plaintiff's alleged bilateral carpal tunnel syndrome, opined that plaintiff's job placed her at an increased risk of developing carpal tunnel syndrome than the general public and that plaintiff's job duties caused carpal tunnel syndrome.
10. Plaintiff performed different jobs after March 18, 2004, when she was placed on restrictions of job rotation, such as desk work, removing labels and making boxes. Plaintiff has not seen any doctor for her hands since April 22, 2004 and has not had any work restrictions placed on her by a doctor since April 22, 2004.
11. On March 28, 2004, Ms. Giles, an ergonomic expert, conducted an ergonomic assessment of plaintiff's brite line job. Ms. Giles did not conclude that the brite line job's physical requirements placed plaintiff at an increased risk of contracting bilateral carpal tunnel syndrome. Ms. Giles noted that the brite line job did not require plaintiff to flex, extend, supinate or pronate her hand, nor did it require any awkward positioning of her hands.
13. Plaintiff's last day of work was April 20, 2004. Defendant terminated plaintiff approximately one week after April 20, 2004 due to plaintiff's failure to call or come in to work for three days.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff's employment with defendant did not cause or significantly contribute to the development of her alleged carpal tunnel syndrome. N.C. Gen. Stat. § 97-53(13); Hardin v. MotorPanels, Inc., 136 N.C.App. 351, 524 S.E.2d 368 (2000); Holleyv. Acts, Inc., 357 N.C. 228, 581 S.E.2d 750 (2003).
2. Plaintiff's employment with defendant did not expose her to an increased risk of contracting the disease. N.C. Gen. Stat. §97-53(13); Hardin v. Motor Panels, Inc., 136 N.C.App. 351,524 S.E.2d 368 (2000); Holley v. Acts, Inc., 357 N.C. 228,581 S.E.2d 750 (2003).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for compensation related to her alleged bilateral carpal tunnel syndrome is hereby DENIED.
2. Defendants shall pay an expert witness fee in the amount of $275.00 to Dr. Diane Harris.
3. Defendants shall pay an expert witness fee in the amount of $165.00 to Paula H. Ivey.
4. Defendants shall bear the costs of this action.
This the 31st day of January 2006.
 S/________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/________________ CHRISTOPHER SCOTT COMMISSIONER
 S/____________________ BERNADINE S. BALLANCE COMMISSIONER